**CASE NO. 26-10715-H**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

GREAT WEST CASUALTY COMPANY,

Appellant,

v.

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors, S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RENTAL, INC., and TITUS CARTER,

Appellees.

---

Appeal from the United States District Court for the Southern District of Florida
Case No. 25-cv-20642-JB

---

# UNOPPOSED MOTION TO STAY BRIEFING AND FURTHER PROCEEDINGS IN THIS APPEAL PENDING RESOLUTION

---


BOWMAN AND BROOKE LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, FL 32746-5419
Telephone: (407) 585-7602
Facsimile: (407) 585-7610
KATHERINE A. GANNON
Florida Bar No. 056323
katie.gannon@bowmanandbrooke.com

BOWMAN AND BROOKE LLP
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Telephone: (305) 995-5600
Facsimile: (305) 995-6100
WENDY F. LUMISH
Florida Bar No. 334332
Wendy.Lumish@bowmanandbrooke.com

*Attorneys for Appellant Great West Casualty Company*

**UNOPPOSED MOTION TO STAY BRIEFING AND FURTHER PROCEEDINGS IN THIS APPEAL PENDING RESOLUTION**

Appellant Great West Casualty Company ("Great West"), pursuant to Fed. R. App. P. 27(a) and 11th Cir. R. 27-1, moves unopposed for an order staying briefing and further proceedings in this appeal for 60 days, or until further order of the Court, and in support states as follows:

1. This appeal arises from Great West's interpleader action filed in the Southern District of Florida pursuant to section 624.155(6)(a), Florida Statutes, following a motor vehicle collision involving Great West's insureds, Appellees Mamo Transportation, Inc. ("Mamo") and Titus Carter ("Carter").[1]

2. Great West sought to interplead insurance policy funds sought by Appellees, Rodrick Rolle, as Personal Representative of the Estate of Sharon Ferguson ("Rolle"); Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson ("Meralla"); and Lawrencia Ferguson, individually and as natural parent and guardian of minors S.B. and L.B. ("Ferguson").

3. The district court subsequently dismissed the action and Great West timely appealed.

[1] Great West also agreed to provide a defense to Appellee, Ryder Truck Rentals, Inc. ("Ryder").

4. Great West filed its initial brief on May 20, 2026; Appellees Meralla, Rolle, and Ferguson filed their principal brief on August 21, 2026. Appellee Mamo filed its brief September 4, 2026. Appellees Ryder and Carter did not file a brief.

5. In the interim, all Parties, Great West, Rolle, Meralla, Ferguson, Mamo, Ryder, and Carter, have reached settlements of the underlying matters which gave rise to the filing of the interpleader.

6. The settlement agreements, once finalized, are expected to warrant dismissal of this appeal under Rule 42(b).

7. While the Parties finalize settlements, Great West requests that the Court stay further proceedings in this appeal and hold it in abeyance for sixty (60) days from entry of the Court's order, suspend the briefing schedule, and requests that it be directed, within sixty (60) days after entry of the stay order, to file either appropriate dismissal papers under Rule 42(b) if warranted or a status report addressing the settlements' status and any further relief requested.

## MEMORANDUM OF LAW

Rule 27 authorizes a party to seek an order or other relief by written motion and requires the motion to state with particularity its grounds, requested relief, and supporting legal argument. Fed. R. App. P. 27(a)(1), (a)(2)(A).

This Court has broad discretion to control its docket and hold an appeal in abeyance when doing so advances wise judicial administration. *See State of Georgia*

*v. McCarthy*, 833 F.3d 1317, 1320-21 (11th Cir. 2016) (holding an appeal in abeyance in the interest of judicial economy, relying on principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1173 (11th Cir. 2004) (recognizing inherent docket-management authority and identifying the status and expected duration of related proceedings, the balance of hardships, and other circumstances as relevant considerations).

The requested stay is neither indefinite nor immoderate. It would last 60 days from the Court's order, or until further order, and would be paired with a definite reporting obligation. Within that period, Great West would file either appropriate Rule 42(b) dismissal papers, if warranted, or a status report explaining the status of finalization and requesting any necessary further relief. This structure accords with established law which recognizes stays as a docket-control tool while requiring attention to their scope, duration, and justification. *See Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000).

No party will be prejudiced. The motion is unopposed, the stay is short, and a status deadline will ensure continued oversight. By contrast, denying a stay could require the parties and the Court to devote resources to matters that the settlements are expected to materially narrow or resolve. The balance therefore favors the requested limited relief.

Undersigned counsel has conferred with counsel for Appellees Rolle, Meralla, Ferguson, Mamo, Ryder, and Carter and is authorized to represent that all Appellees agree to the relief sought herein.

For these reasons, Great West respectfully requests that the Court: (1) stay further proceedings in this appeal for 60 days from entry of the Court's order, or until further order; (2) suspend the briefing schedule, including Great West's deadline to file its reply brief, and (3) direct Great West, within 60 days after entry of the stay order, to file either appropriate dismissal papers under Federal Rule of Appellate Procedure 42(b), if warranted, or a status report addressing the settlements' status and any further relief requested.

Dated: September 30, 2026.

Respectfully submitted,

KATHERINE A. GANNON
Florida Bar No. 056323
katie.gannon@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, FL 32746-5419
Telephone: (407) 585-7602
Facsimile: (407) 585-7610

BOWMAN AND BROOKE LLP
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Telephone: (305) 995-5600
Facsimile: (305) 995-6100

By: */s/Wendy F. Lumish*
WENDY F. LUMISH
Florida Bar No. 334332
Wendy.Lumish@bowmanandbrooke.com

*Attorneys for Appellant Great West Casualty Company*

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Eleventh Circuit Rule 28-1. This motion contains 761 words and uses a Times New Roman 14 point font.

*/s/Wendy F. Lumish*
WENDY F. LUMISH

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 30, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron P. Davis
Michael Bild
Laura Arango
Davis Goldman, PLLC
1221 Brickell Avenue, Suite 1860
Miami, FL 33131
adavis@davisgoldman.com;
mbild@davisgoldman.com;
larango@davisgoldman.com
eservice@davisgoldman.com
*Attorneys for Interpleader-Defendant Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson*

Thomas Scolaro
Scolaro Law, P.A.
1728 Coral Way, Suite 702
Miami, FL 33145
tom@usinjury.law
ana@usinjury.law
barbie@usinjury.law
*Attorneys for Defendant Lawrencia Ferguson, individually and as natural parent and guardian of minors, S.B. and L.B.*

Jason M. Azzarone
Gregory S. Glasser
Miguel Gonzalez
LaCava Jacobson & Goodis
7700 North Kendall Drive, Suite 411
Miami, FL 33156
jazzarone@lacavajacobson.com
gglasser@ljglegal.com
mgonzalez@ljglegal.com
*Attorneys for Defendant*
*Mamo Transportation, Inc.*

C. Calvin Warriner III
Searcy Law
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
ccw@searcylaw.com
CCWTeam@searcylaw.com
*Attorneys for Defendant Rodrick Rolle as Personal Representative of the Estate of Sharon Ferguson*

Catherine Cindric
Goldberg Segalla LLP
500 S. Australian Ave., Suite 1000
West Palm Beach, FL 33401
ccindric@goldbergsegalla.com
rjanis@goldbergsegalla.com
ngiombetti@goldbergsegalla.com
*Attorneys for Interpleader-Defendant*
*Ryder Truck Rental, Inc.*

Thomas J. Guilday
Sarah Finney Kjellin
Guilday Law, P.A.
1566 Village Square Boulevard
Tallahassee, Florida 32309
tom@guildaylaw.com
sarah@guildaylaw.com
cindy@guildaylaw.com
ashlee@guildaylaw.com
*Attorneys for Interpleader-Defendant*
*Titus Carter*

Andrew A. Harris
Grace Mackey Streicher
Harris Appeal, PA
5220 Hood Road, Suite 201
Palm Beach Gardens, FL 33418
andrew@harrisappeals.com
grace@harrisappeals.com
*Attorneys for Defendant Rodrick Rolle as Personal Representative of the Estate of Sharon Ferguson*

Bryan Gowdy
Creed & Gowdy, P.A.
865 May Street
Jacksonville, FL 32204
bgowdy@appellate-firm.com
*Attorneys for Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson; Lawrencia Ferguson individually and as natural parent and guardian of minors, S.B. and L.B.*

Seth V. Alhadeff
Ravika R. Marcadis
Lorena M. Alfonso
Janice Lopez
Dinsmore & Shohl LLP
200 S. Biscayne Boulevard, Suite 2401
Miami, FL 33131
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Lorena.Alfonso@dinsmore.com
Janice.Lopez@dinsmore.com
*Attorneys for Plaintiff*
*Great West Casualty Company*

Kathryn L. Ender
De Novo
8950 SW 74th Court, Suite 2272
Miami, FL 33156
katie.ender@denovo-legal.com
*Attorney for Appellee*
*Ryder Truck Rental, Inc.*

*/s/Wendy F. Lumish*
WENDY F. LUMISH